UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY D. DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-312 CAS |
| ) | |
| SEAFARERS INTERNATIONAL UNION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Seafarers International Union's ("SIU") motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not responded and the time to do so has expired. For the following reasons, SIU's motion to dismiss will be granted.

**I. Factual and Procedural Background**

This is an action brought by pro se plaintiff Timothy D. Dean under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq., seeking pension benefits. Plaintiff alleges he joined the U.S. Merchant Marines in March 1975 and began employment as a tugboat cook in the steward department in 1976. Plaintiff alleges he was eligible for and participated in the defendants Seafarers Money Purchase Plan ("Purchase Plan") and the Seafarers Money Purchase Pension Plan ("Pension Plan") until he left his position in 1981.

Plaintiff alleges that during the years of 1976 to 1981, he contributed approximately $85,000.00 into the Purchase Plan and the Pension Plan, but was only paid $3,537.04 after

submitting an application for distribution. Plaintiff attached four exhibits to his complaint:[1] (1) a Form 1099, issued by the Purchase Plan, reflecting a gross distribution to plaintiff in the amount of $3,367.37; (2) a letter from the Pension Plan to plaintiff, dated July 22, 2008, reflecting a final net distribution of his voluntary contributions in the amount of $169.67; (3) a letter from the Social Security Administration to plaintiff, dated February 15, 2018, evidencing that plaintiff has been disabled since April 30, 2010, and receiving monthly supplemental income benefits; and (4) a letter from the Pension Plan to plaintiff, dated August 12, 2013, which states in pertinent part:

> The following are the requirements for the Seafarers Deferred Vested Pension Benefit:
>
> * Must be the normal retirement age of 65 years.
> * Must have accumulated ten years of vesting service (a vested year is a year in which an employee has at least 125 days of employment service).
>
> According to Plan records for the period 1976 through 1980 you have accumulated approximately 3 years of vesting service. This is 7 years short of the 10 years required for the Deferred Vested Pension. Based on the foregoing you are not eligible for any type of pension from the Plan.

(Doc. 1-9).

Defendant SIU is a voluntary maritime labor association that refers members and applicants to positions aboard ships and tugboats that are owned or operated by maritime companies who have collective bargaining agreements with the SIU. Plaintiff does not allege that SIU is or was the plan administrator for the Purchase Plan or Pension Plan.

Plaintiff seeks a determination from this Court that he is owed additional benefits from the Purchase Plan and the Pension Plan.

---

[1]The attachments are part of the complaint for all purposes. See Fed. R. Civ. P. 10(c); Hardridge v. Piccinini, 695 F. App'x 454, 454 (8th Cir. 2017) (unpublished per curiam).

**II. Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). This principle does not apply to legal conclusions, however. Iqbal, 556 U.S. at 678.

Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (quoted case omitted).

In considering whether the complaint contains sufficient allegations to survive a motion to dismiss, the Court considers both the complaint and the exhibits attached to it. See Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 853 (8th Cir. 2014); Hardridge v. Piccinini, 695 F. App'x 454, 454-55 (8th Cir. 2017) (unpublished per curiam). The Court liberally construes the

3

complaint together with its attachments. See Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996) (per curiam).

**III. Discussion**

SIU asserts that it should be dismissed because a claim for benefits under ERISA can only be brought against the Purchase Plan, Pension Plan, or its plan administrator, and SIU is none of those things but rather is merely the labor organization of which plaintiff was a member. For the following reasons, the Court agrees SIU is not a proper party defendant in plaintiff's claims for pension benefits and will dismiss SIU as a party from the instant matter.

ERISA requires that plaintiffs bring actions concerning benefits only against the party that controls administration of the plan, in other words, the plan administrator. See Hall v. Lhaco, Inc., 140 F.3d 1190, 1196 (8th Cir. 1998); Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998); Swink v. Southwestern Bell Tel. Co., 2008 WL 4965841, at *4 (E.D. Mo. Nov. 18, 2008).

Plaintiff's complaint alleges that SIU is a "labor organization that utilizes hiring halls and membership all over the world, in crewing and operating its various contracted ships and tugboats." (Doc. #1-1). Plaintiff does not allege that SIU is the plan administrator and the exhibits attached to plaintiff's complaint do not indicate that SIU has any involvement in the administration or distribution of the funds under the Purchase Plan or the Pension Plan. Therefore, SIU is not a proper party defendant in this matter and plaintiff's claim for benefits against SIU must be dismissed.

SIU also argues in its motion to dismiss that any claim brought against it by plaintiff for a breach of fair representation under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, or a violation of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 412, is time barred. The Court need not address these arguments. Even

4

construing plaintiff's pro se pleading liberally, there are no facts from which the Court could properly interpret plaintiff's complaint to contain any such allegations against SIU. The only fact alleged by plaintiff regarding SIU is its status as a labor organization. Plaintiff alleges no facts against SIU concerning a breach of fair representation or a violation of the LMRDA. Plaintiff's complaint only seeks to recover the payment of benefits allegedly owed to him by the Pension Plan and the Purchase Plan. Because SIU is not alleged to be a plan administrator, it will be dismissed as a party defendant in this case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Seafarers International Union's motion to dismiss is **GRANTED**. [Doc 12].

An appropriate order of partial dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of July, 2018.